UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WESLEY DICK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1467** |
| **BURL CAIN, WARDEN** | **SECTION "N"** |

### ORDER

The Court, after considering the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge (Rec. Doc. No. 16), Petitioner's Objection to the Magistrate Judge's Report (Rec. Doc. No. 21), the State's Compliance with Order (Rec. Doc. 36), and Petitioner's Traverse of State's Compliance Order (Rec. Doc. 38), hereby approves the Magistrate Judge's Report and Recommendations and adopts it as the Court's opinion herein.

The Report and Recommendation determined that Petitioner's federal habeas application was timely and that Petitioner had exhausted all of his federal habeas claims in state courts. Petitioner did not contest these conclusions in his objection.

Next, the Magistrate Judge concluded that Petitioner's first claim, regarding his allegedly excessive sentence, has no merit. This Court agrees for the same reasons set forth in the Report and Recommendation. Although the sentence imposed on Petitioner for his crime was admittedly a harsh one, it is one that the legislature saw fit to impose at that time, and in Petitioner's case, is not

unconstitutionally excessive. Petitioner may seek relief before the Louisiana Risk Review Panel, pursuant to La. Rev. State. 15:308C.

The Magistrate Judge concluded that Petitioner's second claim, relating to his insufficient evidence theory, is without merit. This Court agrees for the same reasons set forth in the Report and Recommendation. There was substantial evidence, other than Detective Swann's opinion testimony, that supports the jury's rejection of Petitioner's entrapment defense, and that supports the jury's conclusion that Petitioner was predisposed to engage in the distribution of heroin. Petitioner's reference to certain tapes in his objection that were allegedly not introduced during trial is not pertinent to this claim regarding *insufficient* evidence.

As for Petitioner's third claim, regarding his trial counsel's allegedly ineffective assistance in failing to object to the opinion testimony of Detective Swann, the Court agrees that an evidentiary hearing is unnecessary. The challenged testimony[1] was given as Detective Swann explained to the jury the video and audio tape of a drug transaction between himself and Petitioner. In light of the substantial direct evidence presented against him, Petitioner's claim fails to show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

This Court agrees that Petitioner's fourth and fifth claims, relating to his trial counsel's allegedly ineffective assistance in juror selection, are without merit. This Court agrees with the Magistrate that Petitioner's argument regarding race-based peremptory strikes is merely speculation, which is not supported by any evidence of a systematic exclusion of potential jurors based on race. Notably, there is nothing in the record indicating whether these three potential jurors were the

---

[1] Detective Swann stated to the jury, "I don't know what type of narcotics he was dealing but to me it implies he was dealing to several people." (Vol. 4 pp. 319-320).

only African-Americans the State peremptorily excused, or whether the State also used peremptory challenges to excuse Caucasian venire persons. Further, the Court finds that the State articulated on the record credible race-neutral reasons for the peremptory challenge of each one. Thus, Petitioner fails to meet his *prima facie* burden. Also, Petitioner argues that his appellate counsel was ineffective for failing to appeal the trial court's grant of the State's challenge of Mr. Hatfield for cause. At the time Mr. Hatfield was excused for cause, the State had three peremptory challenges left. Indeed, when questioned by the prosecutor, Mr. Hatfield stated that he would have a problem returning a verdict of guilty knowing that Petitioner would be sentenced to life imprisonment. (Vol. 2 p. 246). Petitioner argues that Mr. Hatfield was rehabilitated because the trial judge instructed the potential jurors that she, not the jury, would sentence the defendant *if* he were to be found guilty. However, as the Magistrate noted, the prosecutor also informed the potential jurors that the legislature had mandated a life sentence for the crime with which Petitioner was charged. (Vol. 2 p. 244). Thus, the Court agrees that Petitioner's fourth and fifth claims lack merit.

Next, the Court agrees with the Magistrate that Petitioner's sixth claim, relating to the introduction of "other crimes" evidence, lacks merit. In support of his entrapment defense, Petitioner testified that he had never sold drugs (Vol. 4, p. 422), and would never have sold drugs if he had not been hounded by Detective Swann and the CI. (Vol. 4, p. 426). This testimony opened the door and entitled the State to explore Petitioner's credibility regarding his claim that he was not predisposed to deal drugs. The evidence presented to the jury included audio and video tapes of two of the three meetings at which Petitioner admitted to selling drugs to Detective Swann. Petitioner admitted that he "did this for friends," and indicated that he

would be willing to continue to supply "Chris" with heroin. While Petitioner asserts that the introduction of these other drug offenses, without proof of his guilt, prejudiced him in the eyes of the jury. The Court disagrees. The State was entitled to explore Petitioner's credibility regarding his claim that he was not predisposed to deal drugs after he testified to the contrary.

This Court also agrees that Petitioner's seventh and eighth claims are without merit. In his seventh claim, Petitioner complains that his trial counsel was ineffective because he failed to call the confidential informant ("CI") who set him up, in order to impeach the credibility of the police officers who testified for the State. Petitioner's eighth claim involves Petitioner's assertion that his trial counsel was ineffective for failing to investigate his history of substance abuse treatments attempting to cure his drug addiction, or to obtain the records from those facilities to show that he had not used drugs prior to his arrest. This Court agrees with the Magistrate that the CI's self interest and motive in cooperating with law enforcement to set Petitioner up would not have impeached the credibility of the testifying officers in light of the video and audio evidence of Petitioner's apparent willingness to procure and provide heroin and dilaudid for the CI and "Chris." While the jurors heard Petitioner's testimony about the persistent and repeated telephone calls he received, and his initial unwillingness to provide drugs to the CI and "Chris," they still found Petitioner guilty of the crime charged. Given the substantial direct evidence of the drug transactions offered at trial, Petitioner cannot show that absent these alleged errors, the outcome of the trial would have been any different.

Last, Petitioner's Motion to Supplement under FRCP Rule 15 (Rec. Doc. 21, p.20) is denied for the same reasons expressed in footnote 2 of the Report and Recommendation. Again, Petitioner may seek relief before the Louisiana Risk Review Panel, pursuant to La. Rev. State.

15:308C.

Accordingly**,** for the reasons reiterated herein and explained in more detail in the Report and Recommendation, **IT IS ORDERED** that the petition for issuance of a Writ of Habeas Corpus filed by Wesley Dick, pursuant to 28 U.S.C. §2254, is **DENIED WITH PREJUDICE**.

New Orleans, Louisiana, this 8th day October 2008.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**